# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v | ) 2:10-cr-129 |
| | ) |
| TRISHA L. BAKER | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending now before the Court are nine (9) pre-trial motions in two separate filings by Defendant Trisha L. Baker. More specifically, Defendant's MOTION FOR DISCOVERY, MOTION FOR BILL OF PARTICULARS, MOTION FOR GOVERNMENT AGENTS AND STATE LOCAL LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS, MOTION TO DISCLOSE AND EXCLUDE UNCHARGED MISCONDUCT EVIDENCE, MOTION FOR NOTICE BY THE GOVERNMENT OF INTENTION TO USE EVIDENCE ARGUABLE SUBJECT TO SUPPRESSION, was filed on April 8, 2011 at Doc. No. 144. Also, Defendant's MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIALS, MOTION TO PRESERVE EVIDENCE, MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS, MOTION FOR LEAVE TO FILE ADDITIONAL PRE-TRIAL MOTIONS, was filed on April 8, 2011 at Doc. No. 145. Also pending is GOVERNMENT'S OMNIBUS REPSONSE TO DEFENDANT'S PRETRIAL MOTIONS filed on April 22, 2011 at Doc. No. 150.

Defendant's motions are ripe for disposition. The Court will address each motion *ad seriatim*. For the reasons that follow, the motions will be granted in part and denied in part.

On June 29, 2010, Defendant was indicted on a one count criminal indictment in the mater *sub judice*. Doc. No. 1. Count one alleges that on or around March 2009 to in or around May 2009 in the Western District of Pennsylvania, Defendant did knowingly conspire with intent to commit offenses against the United States, specifically to make and pass counterfeit currency, in violation of Title 18, United States Code, section 371.

**Motion for Discovery** and **Motion for Early Disclosure of Jencks Material**

Defendant files two motions that are evidentiary in nature. Defendant's motion for discovery, filed at Doc. No. 144, seeks disclosure of an itemized list of the following information:

    a. Any and all statements by any witnesses or participants favorable to her;

    b. The names and addresses of any and all witnesses favorable to the defense, whether they have provided statements or not, and whether the government intends to call them at trial or not;

    c. Any and all specific evidence which detracts from the credibility or probative value of the testimony or evidence intended to be used by the prosecution, including, but not limited to, any documents, transcripts, motions or other materials alleging or evidencing that any prospective government witness is unreliable, including claims of illegality, misstatement, dishonesty or untruthfulness made by defendants or attorneys in other cases or by agents or law enforcement officers or attorneys who have worked with the witness on other cases;

    d. Any and all promises or representations made to a government witness, including but not limited to immunity, preferential treatment, payments or promises of payments or leniency;

    e. Any and all prior contradictory statements given by prosecution witnesses;

    f. Any materials, documents or exhibits which contain exculpatory matter within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963), and other cases, in the government's possession or may be by the exercise of due diligence be accessible to the government;

    g. Any and all joint venturers and/or accomplices and/or persons otherwise considered to be coconspirators' statements, whether indicted or unindicted, which the government intends to introduce at trial where these statements

    would be attributable to Defendant under Federal Rule of Evidence 801(d)(2)(E);

  h. A list of all government witnesses anticipated to be called at trial;

  i. Any and all negative exculpatory statements, i.e., statements of informed witnesses that do not mention the Defendant;

  j. Any and all evidence showing government witnesses' bias, psychiatric treatment, or other evidence showing lack of competency, impartiality or credibility under *Giglio v. United States*, 405 U.S. 150 (1972);

  k. The criminal records, if any, of any prospective prosecution witnesses, informants, joint venturers, accomplices or unindicted co-conspirators.

Doc. No. 144 at pp. 2 – 4. Defendant has also moved for an order to compel the government to disclose Jencks Act material "prior to trial." Doc. No. 145.

 The Court begins by noting that discovery in a criminal case is far different from that in a civil case. As the parties well know, the government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir.1994). Generally, these other areas are limited to the Jencks Act and materials available pursuant to the doctrine articulated in the United States Supreme Court decision *Brady v. Maryland*.[1] *Id.* Beyond Rule 16, the Jencks Act, and *Brady* and its progeny[2],

---

[1] 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)(due process requires prosecutors to "avoi[d] ... an unfair trial" by making available "upon request" evidence "favorable to an accused ... where the evidence is material either to guilt or to punishment")

[2] *See, e.g.*, *United States v. Agurs*, 427 U.S. 97, 112-113, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (defense request unnecessary); *Kyles v. Whitley*, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (exculpatory evidence is evidence the suppression of which would "undermine confidence in the verdict");and *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (exculpatory evidence includes "evidence affecting" witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence").

however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). The rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its investigation, evidence, witnesses and/or trial strategy. *United States v. Fiorvanti*, 412 F.2d 407, 411 (3d Cir.), *cert. denied*, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969).

Local Criminal Rule 16(c) requires "subject to a continuing duty of disclosure, the government shall notify the defendant of the existence of exculpatory evidence …" "Exculpatory evidence" as referenced in Local Criminal Rule 16(c) is defined by the Court based on case law as follows:

> all material information favorable to the accused because it tends to: (1) cast doubt on the defendant's guilt as to any essential element in any count in the indictment or information; (2) cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731; (3) cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; or (4) diminish the degree of the defendant's culpability or defendant's Offense Level under the United States Sentencing Guidelines.

Likewise, the Jencks Act, 18 U.S.C. § 3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir.2001). According to 18 U.S.C. § 3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

The government acknowledges its obligations under *Brady* and its progeny and Federal Rules of Criminal Procedure 12 and 16, as well as the Jencks Act. Doc. No. 150. The government also represents: (1) that it is willing to cooperate with any reasonable request by

4

Defendant; (2) that it is unaware of any exculpatory *Brady* material pertaining to Defendant; and (3) that to the extent that the government is in possession of material covered by *Giglio*, those items will be turned over at least three (3) days prior to trial. Doc. No. 150. The government further represents that it will likewise voluntarily turn over Jencks Act materials in its possession at least three (3) days prior to trial, and that it will turn over "impeachment" materials regarding its witnesses at the same time it discloses Jencks Act materials. Doc. No. 150. Beyond that, the government objects to the early disclosure of its witnesses and generally objects to any expansion of its discovery obligations. *Id.* As the government notes in its response, there is no authority by which this court can compel the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial. *See* Doc. No. 150 at pp. 6 – 7.

Given the government's response, the Court is confident that the government is well aware of its due process continuing obligation to provide all exculpatory material in its files to Defendant, including *Brady* impeachment evidence, and that it takes that obligation seriously and will faithfully discharge its duty without "tacking too close to the wind." *Kyles v. Whitley*, 514 U.S. 419, 439 (1995). Accordingly, Defendant's discovery motions will be granted in part, and the government shall turn over all information falling within the purview of Rule 16(a) and the *Brady* doctrine to the extent that any such information exists and has not already been provided to Defendant. To the extent defendant's discovery motion requests information that does not fall within the scope of Rule 16(a), *Brady* and its progeny or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, it is well settled that the government's obligations under *Brady* require it to disclose actual exculpatory evidence without undue delay. In contrast, *Brady* impeachment material ordinarily must be disclosed "in time for its effective

5

use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir.1983). Therefore, should the government discover the existence of any exculpatory *Brady* evidence, such evidence shall be disclosed to Defendant forthwith. As to impeachment material, the Court of Appeals for the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of *Brady* material "to ensure the effective administration of the criminal justice system." *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir.1984) (quoting *Higgs*, 713 F.2d at 44 n. 6).

The Court recognizes that it cannot compel the government to make early disclosures of its Jencks and *Brady* impeachment materials to Defendant. On the other hand, as the government acknowledges, strict compliance with the Jencks and *Brady* time limits will likely cause delays at trial, depending upon the scope of the government's disclosures. The Court will hold the government to its representation that Jencks and *Brady* material will be disclosed at least three (3) days prior to trial - but it regards that offer to strain reasonableness. The Court encourages the government to voluntarily accommodate defense counsel's reasonable request that such materials be produced at least ten (10) to fourteen (14) days prior to trial.

### Motion for a Bill of Particulars

Defendant moves for a bill of particulars, and requests the following particulars:

a. The specific dates on which she is alleged with conspiracy and the names and addresses of any witnesses thereto;

b. The acts performed and statements made by Defendant on which the government relies to support the allegations, the dates, times and places of such acts, the names and addresses of the persons to whim such statements were made and any other witnesses thereto;

c. To the extent that any acts or statements of indicted or unindicted persons may be imputed to the Defendant, the name of each such person, a description of each such act or statement, the date, time and place of each such act and names and addresses of the persons to whom such statements were made and any witness thereto.

Doc. No. 144.

Federal Rule of Criminal Procedure 7(f) provides as follows:

> The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f). A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989); Fed. R.Crim.P. 7(f) ("a court *may* direct the filing of a bill of particulars") (emphasis added). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against her so that she is able to adequately prepare a defense. *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972). Our appellate court has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir.), cert. denied, 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985). In ruling on a request for a bill of particulars, a court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), cert. denied, 490 U.S. 914 (1972).

For its part, the government responds that it has provided substantial discovery in this case, and that the case itself is not overly complex. Doc. No. 150. Further, the government notes

7

that although the indictment in this case carries only one criminal count, it is lengthy in detail and provides more than sufficient notice of the nature of the charge such that Defendant may adequately prepare for trial. *Id.*

Taken together, the Court finds that a bill of particulars is not warranted. Defendant is charged with having participated in single conspiracy to make and pass, or attempt to pass, counterfeit United States currency, which allegedly existed from in and around March 2009 through in and around May 2009. *See* Doc. No. 1. The indictment further identifies and charges four of Defendant's alleged co-conspirators, a number of whom have pled guilty with the crime having been described in open court. The Court finds that this information is more than "the minimum amount of information necessary to permit the defendant to conduct [her] own investigation." *Smith*, 776 F.2d at 1111. Moreover, there is no evidence or meritorious argument that the lack of additional information in the indictment will "significantly impair[ ] the defendant's ability to prepare [her] defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. Therefore, Defendant's Motion for Bill of Particulars will be denied.

### Motion for Government Agents and State and Local Law Enforcement Officers to Retain Rough Notes and Writings

Defendant requests an Order requiring the government, including all relevant agents and officers, to retain and preserve notes and writings that may be producible pursuant to 18 U.S.C. § 3500, Federal Rule of Criminal Procedure 26.2, or *Brady, supra*. Doc. No. 144, p. 5. The United States responds that it has no objection to Court granting the Motion, and further responds that it will order its agents and officers to retain all relevant rough notes, and request that the local and county investigators whose involvement preceded the filing of federal charges to do the same. Doc. No. 150 at pp. 16-17.

8

Independent of the government's consent, the Court notes that the Court of Appeals for the Third Circuit requires that the government retain rough notes and writings. *United States v. Ammar*, 714 F.2d 238, 258-59 (3d Cir.), *cert. denied*, 464 U.S. 939 (1983). Therefore, the Defendant's request that all law enforcement officers retain their rough notes will be GRANTED and all law enforcement officers in this case are hereby ORDERED to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.

### Motion to Disclose and Exclude Uncharged Misconduct Evidence

Defendant requests the disclosure and exclusion of uncharged misconduct evidence which "may be offered pursuant to Rule 404(b) of the Federal Rules of Evidence so as to show opportunity, intent, plan, knowledge or scheme." Doc. No. 144, pp. 5 - 6. In response, the government notes that it has not yet identified all of the specific bad acts of Defendant that it might seek to introduce at trial. Doc. No. 150. The government further represents that it will comply with Rule 404(b) by providing Defendant notice of other-acts evidence no later than fourteen (14) days prior to trial. *Id.* According to the government, it has already provided Defendant with a copy of her criminal record, and its intention to use such record as impeachment material under Rule 609 of the Federal Rules of Evidence if Defendant chooses to testify. *Id.*

In view of the fact that the government does not yet know what uncharged misconduct evidence it may attempt to introduce, Defendant obviously was unable at the time of filing the motion to raise specific arguments as to what evidence should be excluded. Should Defendant wish to challenge the admissibility of any such evidence prior to trial, she may file an appropriately briefed motion in limine, in accordance with the Court's pretrial schedule.

Therefore, the Defendant's Motion to Disclose and Exclude Uncharged Misconduct Evidence will be GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. The Motion to Disclose Uncharged Misconduct Evidence is GRANTED without objection, while the Motion to Exclude Uncharged Misconduct Evidence will be DENIED WITHOUT PREJUDICE as premature.

### Motion for Notice by the Government of Intention to Use Evidence Arguably Subject to Suppression

Defendant moves for this Court to direct the government to provide notice of "its intention to use any evidence which will be of consideration for a Motion to Suppress." Doc. No. 144 at pp. 6 – 7. The government responds that it has already provided extensive discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as additional items that go beyond the Rule. Doc. No. 150. According to the government, Defendant accepted these items and signed for their receipt on July 28, 2010. *Id*. The government notes that shortly thereafter at the U.S. Attorney's Office, both Defendant and her counsel were provided with access to all physical evidence seized in the case, to include counterfeit federal reserve notes, scraps of counterfeit federal reserve notes, labels with "USA 100" printed on them, 3M brand spray adhesive, and ink boxes. *Id*. Further, on January 25, 2011, at the request of counsel for Defendant, the government provided an enhanced audio copy of a "consensual phone call recording that had already been turned over." *Id.*

Fed.R.Crim.P. 12(b)(4) provides that a defendant may request notice of the government's intention to use any evidence in the presentation of its evidence-in-chief at trial that is discoverable under Rule 16, in order to provide defendants with the opportunity to file a motion to suppress. It does not appear from the filings that Defendant actually requested notice directly from the government before filing her motion. Concomitantly, this does not appear to be a

situation in which a request (assuming one had been made) was not honored by the government in a timely fashion. Quite the contrary, without having received a request from Defendant and prior to the filing of her motion for notice at Document No. 144, the government apparently exercised its discretion under Rule 12(b)(4)(A) and notified Defendant of its intent to use specified evidence at trial, which in fact, afforded Defendant the opportunity to move to suppress such evidence.

Receiving notice of evidence under Rule 12(b)(4)(B) does not, in and of itself, require a Court order, nor does making such a request require motions practice. To that end, Local Rule of Criminal Procedure 16.1 includes an obligation for counsel to confer and attempt to resolve any issue regarding discovery prior to the filing of a motion to produce. Obviously, the purpose of such a rule is for parties to endeavor to satisfy requests for discovery in a cooperative atmosphere without recourse to the Court.

Nevertheless, the Court sees no failure of compliance under either Rule 12(b)(4) or 16 on the part of the government, and therefore sees no basis for recourse. Accordingly, Defendant's Motion for Notice by the Government of Intention to Use Evidence Arguably Subject to Suppression will be DENIED AS MOOT.

**Motion to Preserve Evidence**

Defendant has filed a motion seeking to require the government to preserve all evidence related to this case. Doc. No. 145. The government's response indicates that any evidence which relates to this case will be preserved. Doc. No. 150. Accordingly, Defendant's motion to preserve evidence will be GRANTED without objection.

**Motion to Exclude Evidence of Prior Convictions**

11

Pursuant to Federal Rule of Evidence 609(a), Defendant has moved to exclude evidence of her prior convictions for the purpose of attacking her credibility should she testify at trial. Doc. No. 145.

Rule 609(a) (1) allows, for the purpose of attacking the credibility of an accused, the admission of evidence that the accused has been convicted of any crime punishable by death or imprisonment in excess of one year if the court determines that the probative value of admitting that evidence outweighs the prejudicial effect to the accused. *See United States v. Johnson*, 388 F.3d 96, 100-01 (3d Cir.2004). Rule 609(a)(2) further provides that evidence that any witness has been convicted of a crime involving dishonesty or false statement shall be admitted regardless of punishment. The only notice requirement in Rule 609 is that the government is required to provide "sufficient advance written notice" of its intent to use evidence of a conviction more than ten years old. Fed.R.Evid. 609(b).

The government has indicated in its response that, in the event Defendant testifies at trial, the government may seek permission from the court to rebut such testimony with prior convictions at that time. As a ruling on the admissibility of Defendant's prior convictions is not ripe at this time, Defendant's motion to exclude evidence of those prior convictions will be DENIED WITHOUT PREJUDICE to her right to challenge the admissibility of any such convictions should she choose to testify at trial.

**Motion for Leave to File Additional Pretrial Motions**

Defendant requests that the court enter an order permitting him to file additional pretrial motions as may become necessary. Doc. No. 145. The Court will grant Defendant's request only to the extent that she may file additional motions which reasonably could not have been anticipated within the time allocated for filing pre-trial motions in this case.

## CONCLUSION

For the reasons hereinabove set forth, Defendants' pre-trial motions will be granted in part and denied in part. An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v | ) 2:10-cr-129 |
| | ) |
| TRISHA L. BAKER | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 6th day of June, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1) the MOTION FOR DISCOVERY (Doc. No. 144) is **GRANTED IN PART** in accordance with the government's representations and **DENIED IN PART**;

2) the MOTION FOR A BILL OF PARTICULARS (Doc. No. 144) is **DENIED;**

3) the MOTION FOR GOVERNMENT AGENTS AND STATE AND LOCAL LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS is **GRANTED** (Doc. No. 144);

4) the MOTION TO DISCLOSE AND EXCLUDE UNCHARGED MISCONDUCT EVIDENCE (Doc. No. 144) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. The Motion to Disclose Uncharged Misconduct Evidence is GRANTED without objection, while the Motion to Exclude Uncharged Misconduct Evidence will be DENIED WITHOUT PREJUDICE as premature;

5) the MOTION FOR NOTICE BY THE GOVERNMENT OF INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION (Doc. No. 144) is **DENIED AS MOOT**;

6) the MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIALS (Doc. No. 145) is **DENIED** and such evidence shall be provided to Defendant at least three (3) days prior to the commencement of trial;

7) the MOTION TO PRESERVE EVIDENCE (Doc. No. 145) is **GRANTED without objection;**

8) the MOTION TO EXLCUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS (Doc. No. 145) is **DENIED WITHOUT PREJUDICE**; and

9) the MOTION FOR LEAVE TO FILE ADDITIONAL PRETRIAL MOTIONS (Doc. No. 145) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted only to the extent that Defendant may file additional motions which reasonably could not have been anticipated within the time allocated for filing pre-trial motions in this case.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Stephen Israel, Esquire**
Email: ispeclaw@fyi.com
ispeclaw@myway.com

**James T. Kitchen, AUSA**
Email: jimmy.kitchen@usdoj.gov